**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION**

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                           No. 4:08CR00303-01 JLH

SHANIN J. WILLIAMS                                                                                                 DEFENDANT

**OPINION AND ORDER**

Shanin J. Williams was indicted on seven counts and charged with possession with intent to distribute cocaine base, possession with intent to distribute cocaine hydrochloride, possession with intent to distribute marijuana, possession with intent to distribute hydrocodone, possession with intent to distribute codeine, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm.  On October 20, 2009, pursuant to a written plea agreement, Williams entered a guilty plea as to Count 1, possession with intent to distribute cocaine base, and the government dismissed the remaining counts.

In the written plea agreement, Williams admitted that he was guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) as alleged in Count 1 of the indictment.  For purposes of determining the base offense level under the sentencing guidelines, Williams stipulated that the quantity of drugs involved in the offense included 90 grams of cocaine base, 84 grams of cocaine hydrochloride, and 2574 grams of marijuana, which converts to a combined total of 1279 kilograms of marijuana, making the base offense level 32. He also stipulated that the offense should be increased by two levels because he possessed a firearm.  After the government moved for a three level reduction for acceptance of responsibility, Williams's base offense level under the guidelines was 31.  Williams had two criminal history points, so the criminal history category was II.  The statutory term of imprisonment was not less than 10 years and not more

than life pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).[1] With an offense level of 31 and criminal history category of II, the sentencing range under the guidelines was 121 months to 151 months imprisonment.

On March 3, 2010, the Court sentenced Williams to a term of imprisonment of 121 months. No appeal was taken.

Williams has now filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For his first ground for relief, Williams alleges:

> In the instant case, trial counsel was ineffective due to his failure to file a notice of appeal on behalf of petitioner as defendant requested counsel to do so. According to the Fair Sentencing Act of 2010, passed by Congress [on] July 28, 2010, and signed by the United States President on August 3, 2010, petitioner, moved counsel to file a notice of appeal to preserve the issue.

For his second ground, Williams alleges:

> In the instant matter, there doesn't seem to be lab report showing that there was drug testing supporting petitioner was in possession of "cocaine" base. And because of this lack of a lab report showing that petitioner was in possession of "crack" cocaine base, his guilty plea as well as the penalty amount in which he pled to pursuant to § 841(b)(1)(A) is unconstitutional.

As noted above, Williams entered a plea of guilty to Count 1. A defendant who pleads guilty admits all of the factual allegations made in the indictment. *O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988). A guilty plea waives all challenges that do not relate to jurisdiction. *Id*. "In order to establish a jurisdictional defect, [the defendant] must show that the indictment on its face fails to state an offense." *Id*. A valid guilty plea forecloses an attack on the conviction unless the record shows on its face that the court lacked the power to enter the conviction or impose the sentence. *Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997). If the validity of a guilty plea

---

[1] As will be discussed, this statutory provision was amended after Williams was sentenced.

is not challenged on direct appeal, a claim that the plea was invalid is waived. *United States v. Apker*, 174 F.3d 934, 938 (8th Cir. 1999). "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom[.]" *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir. 1971). When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, "the occasion for setting aside a guilty plea should seldom arise." *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971).

Williams does not contend that the indictment is invalid on its face or that there is any other jurisdictional defect. Apart from his contention that his lawyer failed to file a notice of appeal, his only claim for relief is that he did not believe that there was a lab report showing that he was in possession of cocaine base. His guilty plea waived any contention that he was not in possession of cocaine base. Moreover, the United States has provided in response to Williams's section 2255 motion a copy of a letter from the prosecutor to defense counsel enclosing a laboratory report and identifying a forensic chemist who would testify at trial regarding the results in the laboratory report. The report of the laboratory analysis included one item of cocaine base weighing 83.7306 grams and another item of cocaine base weighing 6.287 grams. Together, those two items add to slightly more than 90 grams of cocaine base, which is consistent with Williams's plea agreement in which he acknowledged that he was in possession of 90 grams of cocaine base. The laboratory report also confirms that the items seized from Williams included the amounts of cocaine hydrochloride and marijuana to which he admitted in the plea agreement. Thus, even if Williams had not waived his claim that there was no laboratory test, that claim is without merit.

The only other claim for relief raised by Williams is his claim that his lawyer failed to file a notice of appeal after being requested to do so. A lawyer's failure to file a notice of appeal when

so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). A showing of actual prejudice is not necessary. *Id*. Nevertheless, the petitioner must show that he made his desire to appeal evident to his attorney, and a bare assertion by the petitioner that he made the request is not by itself sufficient if the factual record contains more credible evidence to the contrary. *Id*.

Here, Williams has offered no evidence or indication that he directed his lawyer to file a notice of appeal other than the bare assertion in his section 2255 petition. The response of the United States includes an affidavit from Williams's lawyer. That affidavit states, in pertinent part:

> Following sentencing, I discussed Mr. Williams's appeal rights with him. I advised him that there was no issue that warranted an appeal in his case. I also advised him that if he insisted on filing [a] notice of appeal I would in good conscience be compelled to file a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). A letter dated March 4, 2010, from myself to Mr. Williams stated in the body of the letter that "an appeal is not indicated in your case; so none will be taken." As a postscript, the letter also stated "p.s. As we discussed, an appeal is not in order in your case." The letter is attached to this affidavit. After reviewing this letter and other materials from Mr. Williams's closed file, I do not recall that Mr. Williams directed me to file [a] notice of appeal. My recollection is that I persuaded him that filing an appeal would be frivolous and futile and that he agreed – as indicated in the postscript of the letter from myself to him on March 4, 2010.

The letter attached to the affidavit is dated March 4, 2010, which was the day after Williams was sentenced. As indicated in the affidavit, the body of the letter states that Williams and his lawyer had a discussion after the sentencing hearing to the effect that an appeal was not indicated so none would be taken. In addition to that sentence from the body of the letter, at the bottom of the letter a handwritten note states, as stated in the affidavit, "As we discussed, an appeal is not in order in your case."

The government's response to Williams's section 2255 petition was filed on April 29, 2011. Williams filed his reply on July 5, 2011. In his reply, Williams does not dispute the affidavit from

4

his lawyer, nor does he deny that he received the letter purporting to confirm a discussion between him and his lawyer to the effect that no appeal would be filed. He has not presented any evidence that he requested that his lawyer file a notice of appeal. If Williams had requested that his lawyer file a notice of appeal, that request would be manifest in some document after Williams received the letter confirming the discussion that no notice of appeal would be filed. In the absence of any response to the letter stating that no notice of appeal would be filed, Williams's claim that he requested that his lawyer file a notice of appeal is not believable. Furthermore, Williams's allegation that he moved counsel to preserve the issue of the Fair Sentencing Act of 2010[2] is patently false because, as Williams acknowledges, that Act was enacted five months *after* Williams was sentenced. The record affirmatively refutes the factual allegations on which Williams's claim is based. *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007). Accordingly, an evidentiary hearing is not necessary. *Id*.

## CONCLUSION

For the reasons stated, the motion by Shanin J. Williams to vacate, set aside, or correct his sentence is DENIED. Document #67. His *pro se* motion for an order holding the section 2255 proceedings in abeyance is DENIED. Document #70.

IT IS SO ORDERED this 12th day of July, 2011.

/s/ J. Leon Holmes
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[2] The Fair Sentencing Act amended the sections of 21 U.S.C. § 841 providing penalties for possession of cocaine base by increasing the amounts necessary for the imposition of the mandatory minimum terms of imprisonment.